IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHANIE MILLER, JAMES STELLHORN,
and HARLAN, LLC,

                        Plaintiffs,                      OPINION AND ORDER

   v.

                                                         10-cv-221-wmc

MARK DAVIS,

                        Defendant.

---

In this civil action under 42 U.S.C. § 1983, plaintiffs Stephanie Miller, James Stellhorn and Harlan, LLC contend that Mark Davis violated their Fourth Amendment rights by entering their property without a warrant to perform an asbestos inspection. In an order entered December 28, 2012, the court denied Davis' motion for summary judgment. (Dkt. #118.) With the court's permission, Davis was allowed to file a second motion for summary judgment, which is now ready for decision. (Dkt. #123.) After reviewing the parties' supplemental proposed findings of fact, however, the court must again deny entry of summary judgment and proceed with a jury trial on February 11, 2013, as previously scheduled.

OPINION

For purposes of this short decision, the court presumes familiarity with the facts as described in its first summary judgment decision, entered in this case on December 28, 2012. The following additional facts are taken from the parties' supplemental proposed

findings of fact, which must be viewed at this stage in a light most favorable to plaintiffs. (Dkts. ## 134, 135.)

Before visiting plaintiff's properties, Davis spoke with John Spencer of Asbestos Abatement Contract Service about his previous inspection of the site and structures. Spencer said various materials used in buildings at the site contained asbestos, including the stucco on the houses.

On July 6, 2006, Davis previously averred and now avers in more detail that he drove to the properties and observed from the road that demolition had commenced on the houses and stucco had been removed. Davis declared that he also saw piles of debris containing dry stucco. Plaintiffs admit that stucco had been removed, but both Jessie Miller and plaintiff James Stellhorn now declare under penalties of perjury that <u>no</u> piles of debris containing dry stucco remained on the site on July 6th. Jessie Miller further declares that in June, he personally removed the materials containing asbestos from the houses, wet it down, sealed it in double bags and placed those bags in a truck inside the garage. Stellhorn declares that he drove the truck and the bags of asbestos to the landfill on July 5, 2006.

Once at the site on July 7, 2006, Davis also declares that he saw two workers with tools in their hands performing demolition work on the houses. After parking his car and approaching the workers, he noticed that the materials were being removed improperly. Specifically, they were removing stucco without wetting it down and had left it laying around in dry piles. Davis says that one of these workers consented to his entry and, at Davis's request, agreed to stop work. In direct contradiction, Stellhorn, Jessie Miller and

2

Stephanie Miller all declare that neither they, nor anyone authorized by them, were present at the properties on July 7th.  Indeed, Stellhorn and Jessie Miller declare that the demolition of the stucco was complete before July 7.

Despite these seemingly material and disputed facts, Davis argues that summary judgment is appropriate because: (1) the illegal asbestos removal was in plain sight and posed a health hazard that created exigent circumstances, *Michigan v. Tyler*, 436 U.S. 499, 509 (1978); and (2) he is entitled to qualified immunity given that the workers on site consented to his search and the Seventh Circuit has not yet decided whether a third-party may consent for a government construction inspector to enter a private building (or what efforts inspectors must take to ensure the third-party has authority to consent). *Montville v. Lewis*, 87 F.3d 900 (7th Cir. 1996).  Plaintiffs deny that any demolition was occurring on July 6 or 7, 2006, or any piles of dry stucco remained on the demolition site.  If plaintiffs' declarations are deemed true, which this court must do on summary judgment, then (1) the illegal asbestos removal was not in plain sight and Davis' warrantless entry could not be justified by exigent circumstances; and (2) no one authorized by them was on site on July 7, 2007, from whom Davis could plausibly have obtained consent to search (or, at least, a reasonable jury could so infer).  Therefore, the court will deny Davis' renewed motion for summary judgment.

ORDER

IT IS ORDERED that defendant Mark Davis' motion for summary judgment (dkt. #123) is DENIED.

Entered this 1st day of February, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge